IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

**STEVE WRIGHT**                                                                          **PLAINTIFF**

vs.                                              No. 4:20-cv-623

**COLLATERAL PROTECTION INSURANCE**                              **DEFENDANTS**
**AGENCY, INC., and COLLATERAL**
**PROTECTION PARTNERSHIP, LTD.**

## ORIGINAL COMPLAINT

COMES NOW Plaintiff Steve Wright ("Plaintiff") by and through his attorneys April Rhéaume and Josh Sanford of the Sanford Law Firm, PLLC, and for his Original Complaint against Defendants Collateral Protection Insurance Agency, Inc., and Collateral Protection Partnership, Ltd. (collectively "Defendant" or "Defendants"), he does hereby state and allege as follows:

### I.      JURISDICTION AND VENUE

1.      Plaintiff brings this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and costs, including reasonable attorneys' fees as a result of Defendants' failure to pay Plaintiff proper overtime compensation for all hours that Plaintiff worked.

2.      The United States District Court for the Southern District of Texas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

3.     Defendants conduct business within the State of Texas, operating an insurance agency in Huntsville.

4.     Venue lies properly within this Court under 28 U.S.C. § 1391(b)(1) and (c)(2), because the State of Texas has personal jurisdiction over Defendants, and Defendants therefore "reside" in Texas.

5.     The acts alleged in this Complaint had their principal effect within the Houston Division of the Southern District of Texas, and venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## II.     THE PARTIES

6.     Plaintiff is a citizen, resident and domiciliary of Montgomery County.

7.     Plaintiff was employed by Defendants as an hourly employee from January of 2019 until February of 2020.

8.     At all times material herein, Plaintiff has been entitled to the rights, protections and benefits provided under the FLSA.

9.     Defendant Collateral Protection Insurance Agency, Inc. ("CPIA"), is a domestic, for-profit corporation.

10.     CPIA's registered address for service is John Certa, at 1336 Windsor Street, Huntsville, Texas 77340.

11.     Defendant Collateral Protection Partnership, Ltd. ("CPP"), is a domestic limited partnership.

12.     CPP's registered agent for service is Andy Harvey, at 1909 Woodall Rogers Fairway, Suite 575, Dallas, Texas 75201.

13.     Defendants have unified operational control and management, as well as control over employees, including shared power to supervise, hire and fire, establish wages and wage policies and set schedules for their employees through unified management.

14.     Upon information and belief, the revenue generated from CPIA and CPP was merged and managed in a unified manner.

15.     As a result of this unified operation, control and management, through shared employees and ownership with the authority to establish wages and wage policy, Defendants operated as a single enterprise.

16.     Defendant has at least two (2) employees that handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce.

17.     Defendant's annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) during each of the three calendar years preceding the filing of this complaint.

18.     Plaintiff regularly in the course of his work for Defendant handled, sold, or otherwise worked on goods or materials that had been moved in or produced for commerce.

### III.     FACTUAL ALLEGATIONS

19.     Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

20.     At all relevant times herein, Defendant was an "employer" of Plaintiff within the meaning of the FLSA.

21.     At all times material herein, Plaintiff has been misclassified by Defendant as a salaried employee and as exempt from the overtime requirements of the FLSA, 29 U.S.C. § 207.

22.     During the period relevant to this lawsuit, Plaintiff worked as an IT support employee at Defendant's location in Huntsville.

23.     At all relevant times herein, Defendant directly hired Plaintiff to work in its offices, paid him wages and benefits, controlled his work schedules, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding his employment.

24.     Plaintiff is primarily responsible for monitoring servers, backing up files, and helping Defendant's employees with general technical problems.

25.     Plaintiff had no authority to hire or fire other employees.

26.     Plaintiff did not exercise independent judgment as to matters of significance in carrying out his duties.

27.     Plaintiff's duties did not include the application of systems analysis techniques and procedures, including consulting with users, to determine hardware, software or system functional specifications.

28.     Plaintiff's duties did not include the design, development, documentation, analysis, creation, testing or modification of computer systems or programs, including prototypes, based on and related to user or system design specifications.

29.     Plaintiff's duties did not include the design, documentation, testing, creation or modification of computer programs related to machine operating systems.

30.     Defendant misclassified Plaintiff as exempt from the FLSA and paid him a salary.

31.     Defendant did not pay Plaintiff one and one-half (1.5) his regular rate for all hours worked over forty (40) in a week.

32.     Plaintiff regularly worked more than forty (40) hours in a week.

33.     At all relevant times herein, Defendant has deprived Plaintiff of overtime compensation for all of the hours he worked over forty (40) per week.

34.     Defendant knew or showed reckless disregard for whether its actions violated the FLSA.

## IV.     CAUSE OF ACTION
### (Violation of the FLSA)

35.     Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

36.     Plaintiff asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

37.     At all times relevant to this Complaint, Defendant has been Plaintiff's "employer" within the meaning of the FLSA, 29 U.S.C. § 203.

38.     At all times relevant to this Complaint, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

39.     29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to forty (40) in one week and to pay one and one-half times regular wages for all hours worked over forty (40) hours in a week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and accompanying DOL regulations.

40.     At all times relevant times to this Complaint, Defendant misclassified Plaintiff exempt from the overtime requirements of the FLSA.

41.     Despite the entitlement of Plaintiff to overtime payments under the FLSA, Defendant failed to pay Plaintiff an overtime rate of one and one-half times his regular rate of pay for all hours worked over forty (40) in each week.

42.     Defendant's failure to pay Plaintiff all overtime wages owed was willful.

43.     By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of this Complaint.

## V.      PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Steve Wright respectfully prays as follows:

A.      That each Defendant be summoned to appear and answer herein;

B.      For declaratory judgment that Defendant's practices alleged herein violate the FLSA;

C.      Judgment for damages for all unpaid overtime wage compensation owed under the FLSA;

D.      Judgment for liquidated damages pursuant to the FLSA;

E.      For a reasonable attorney's fee, costs, and all interest; and

F.      Such other relief as this Court may deem just and proper.

Respectfully submitted,

**PLAINTIFF STEVE WRIGHT**

SANFORD LAW FIRM, PLLC
ONE FINANCIAL CENTER
650 SOUTH SHACKLEFORD, SUITE 411
LITTLE ROCK, ARKANSAS 72211
TELEPHONE: (501) 221-0088
FACSIMILE: (888) 787-2040

April Rhéaume
Ark. Bar No. 2015208
april@sanfordlawfirm.com

Josh Sanford
Tex. Bar No. 24077858
josh@sanfordlawfirm.com